UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LINDA LI, M.D., <br><br> Plaintiff, <br><br> v. <br><br> SWEDISH AMERICAN HOSPITAL, et al., <br><br> Defendants. | No. 18 CV 8537 <br><br> Judge Manish S. Shah |

MEMORANDUM OPINION AND ORDER

Plaintiff Linda Li is a doctor who alleges that someone infiltrated her medical practice's server to alter her insurance information and submit false insurance claims. When she reported this crime, a series of events led to various undeserved sanctions that severely damaged her medical practice and reputation. She brings federal and state-law claims against several defendants, including Rockford police officers, the Illinois Department of Financial and Professional Regulation, the U.S. Department of Health and Human Services' Office of the Inspector General, and others. Most of the defendants move to dismiss the complaint, some have not been properly served, and some have not responded. Li is acting as her own lawyer and has filed many documents—complaints, amended complaints, and hundreds of pages of exhibits. Li's claims are difficult to follow, and she uses legal terms like false claims, equal protection, due process, and defamation, but without a full appreciation of those doctrines and how they might apply to the range of defendants she names and the conduct she complains about. Even when giving her the benefit of liberal

construction, she has not alleged a viable federal lawsuit. Defendants' motions are granted, and the case is terminated in its entirety.

I.     **Legal Standard**

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Because Li is pro se, I construe her complaint liberally and hold it to a less stringent standard than a complaint drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, to survive a Rule 12(b)(6) motion to dismiss, Li's complaint must contain factual allegations that plausibly suggest a right to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). I assume that the facts alleged in the complaint are true and draw reasonable inferences from those facts in Li's favor, but I am not required to accept as true the complaint's legal conclusions. *Id.* at 678–79. I am limited to reviewing the complaint, "documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019–20 (7th Cir. 2013) (citation omitted). I may take judicial notice of court filings "when the accuracy of those documents reasonably cannot be questioned." *Parungao v. Cmty. Health Sys., Inc.*, 858 F.3d 452, 457 (7th Cir. 2017).

**II.   Background**

Li is a physician. [7] at 4.[1] She worked at Swedish American Hospital until February 2004, when she started a solo practice in Rockford. [7] at 4. From then until 2007 or 2008, Li performed outpatient work as an independent contractor for the hospital, billing clients for her services while the hospital billed for facility fees and technical fees. [7] at 4. When Li set up her new practice, she submitted Medicare claims under an EIN (Employer Identification Number) associated with "Pain Management and Rehabilitation Center." [7] at 10. But someone was submitting Medicare claims under "Linda Li" without her authorization, which Li believes means someone altered her profile in the Medicare claims database. [7] at 9–10. As a result, from 2004 to 2006, Medicare and Medicaid were receiving claims from two different identifiers that appeared to be associated with Li but only one of which was Li's actual ID. [7] at 9. Checks were being paid to "Linda Li" but sent to a post office box owned by Swedish American Hospital. [7] at 10. Li never received payments for claims submitted under her old ID, and both Cigna and the Treasury Department paid "Linda Li" but sent the payment to the hospital. [7] at 10–11. Illinois Medicaid owes Li about $90,000 due to payments diverted to a third-party's account. [7] at 23. Li lost over $28,000 in Medicare reimbursements because of alleged "overpayment," due to the identity thief's claim submissions. [7] at 23. Medicare also owes her over $200,000 in unpaid claims. [7] at 24.

---

[1] Bracketed numbers refer to entries on the district court docket. Page numbers are taken from the CM/ECF header at the top of filings. Facts are largely taken from the operative complaint, [7].

3

In January 2014, Li reported a crime to the Rockford police—someone had stolen her "server CDs" and possibly used them to "set up [a] second server." [7] at 12. (I understand Li to allege that these stolen server CDs are how the cybercriminal was able to alter her billing identifiers and submit false claims under her name.) Li gave a police officer some documents as evidence, and then put them back in her purse after the police officer made copies. [7] at 12. Then Li went to a dinner with Tim Nycowskiy—her office assistant—and noticed afterwards that her purse had been stolen. [7] at 12. The next day, Li reported her stolen purse to Officer Mace, but the officer never wrote a police report about it. [7] at 13. Nycowskiy soon gave Li her purse back, claiming that he found it on his desk when he got to work. [7] at 13. Li reported this development to Officer Koschak, but the officer recorded the wrong story in her report—Officer Koschak did not mention Nycowskiy and instead wrote that Li found her missing purse on her own desk. [7] at 13. Later, Nycowskiy changed his story to match the false story in Officer Koshak's report, saying that Li found her missing purse on her own desk. [7] at 13. Years later, Li tried to contact Nycowskiy to find out what really happened, and he intentionally avoided her. [7] at 13.

At around the same time Li reported the theft to the Rockford police, Laura Forester, a medical prosecutor for the Illinois Department of Financial and Professional Regulation, got a phone call from Officer Hughes, who said that Li's crime reports were not supported by evidence. [7] at 14. Based on that call, Forester petitioned for Li to undergo a forensic psychiatric evaluation. [7] at 14. She did this without telling Li about Officer Hughes's allegation, investigating it, or providing

4

evidence that it was true. [7] at 14–15. Forester also ignored reports from doctors saying that Li was fit to practice. [7] at 15.

In March 2014, Ashral Helmy conducted the psychiatric evaluation. [7] at 16. He falsely diagnosed Li with "delusional disorder." [7] at 16. In doing so, Helmy did not ask Li to bring evidence of her claims of identify theft and cybercrime, he did not view her evidence and lied under oath when he said he did, and he did not verify Li's criminal allegations with her family and colleagues. [7] at 16. The next month, Li's Illinois and California medical licenses were suspended. [7] at 17. Vladimir Lozovskiy, another IDFPR medical prosecutor, ignored Li's evidence when defending the IDFPR's decision to suspend her medical license. [7] at 18–19.

The suspension of Li's medical licenses triggered a chain reaction. In May 2014, the Illinois Office of the Inspector General (through its counsel, Martin Feldman) issued a Medicaid sanction based on the IDFPR's finding that Li was mentally impaired. [7] at 17. In October 2015, the federal Office of the Inspector General (through Bernice Smith) revoked Li's Medicare billing privileges. [7] at 20. And in August or October 2018, the Office of Personnel Management debarred her (though the letter, written by David Cope, was dated October 2015). [7] at 8, 21. None of these entities did their own investigation to see whether the IDFPR's claims were supported by fact, nor did they give Li an opportunity to show that her criminal allegations were true, not delusional. [7] at 17–22.

5

On March 15, 2016, Li filed a complaint in the Circuit Court of Cook County against Helmy and two Northwestern entities. [50-2] at 1.[2] She brought claims of professional negligence, psychiatric abuse based on the equal protection act, fraud and misrepresentation, and libel and slander against Helmy, which the state court dismissed with prejudice in February 2017. [50-7]. The dismissal was based on several grounds that largely amounted to an adjudication on the merits, including that Helmy's statements were entitled to absolute privilege, Helmy did not have a physician-patient relationship with Li, and the other claims were not cognizable under Illinois law. [50-7].

On March 31, 2017, Li filed a complaint in this court against the IDFPR, Lozovskiy, Forester, the City of Rockford, Hughes, Helmy, and multiple Northwestern entities, alleging theories of constitutional violations under 42 U.S.C. § 1983 and intentional infliction of emotional distress. Amended Complaint, *Li v. Hughes, et al.*, No. 17 CV 2498 (N.D. Ill. Apr. 21, 2017), ECF No. 7. I dismissed the complaint in its entirety, mostly with prejudice. *Li v. Illinois Dep't of Fin. & Prof'l Regulation*, No. 17 CV 2498, 2018 WL 1453551, at *7 (N.D. Ill. Mar. 23, 2018). I held that claims against the IDFPR defendants were barred by the Eleventh Amendment, claims against Rockford and Hughes were time-barred, claims against Helmy and Northwestern Memorial Hospital were barred by res judicata, and claim preclusion barred claims against the Northwestern University defendants. *Id.* at *3–7.

---

[2] The state court filings bear stamps from the Circuit Court of Cook County, appear to be accurate, and Li has not contested their accuracy. I take judicial notice of them. *See Parungao*, 858 F.3d at 457.

Li filed this case on December 18, 2018. [1]. The case was first assigned to the Chief Judge under this court's procedures for False Claims Act cases brought under 31 U.S.C. § 3729, et seq. The case was reassigned to another judge because review of the complaint showed that Li did not file the suit on behalf of the United States. [12]. The case was then reassigned to me because it was a refiling of the case I previously dismissed. [18].

## III. Analysis

### A. Federal Claims

Li is trying to sue many defendants for many different things. The main issues appear to relate to the disputed Medicare reimbursements, the police handling of her complaint, and then the professional licensing consequences from the psychiatric evaluation. From Li's complaint and responses to defendants' motions, I understand her to allege federal claims under (1) 42 U.S.C. § 1983—which allows lawsuits seeking money damages for violations of constitutional rights—against the California Medical Board, the IDFPR defendants, the Rockford defendants, the Illinois OIG defendants, the federal OIG defendants, and Cope (the OPM official); (2) the False Claims Act against all the defendants but Cigna, and (3) the Federal Tort Claims Act against the federal defendants.

Li also claims to allege crimes, some of which may be federal crimes. But as a private citizen, Li cannot prosecute crimes—only prosecutors have the power to do that. Nor can Li demand that prosecutors take action against defendants. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.")

7

### 1. *Constitutional Torts*

Section 1983 "creates a species of tort liability for the deprivation of any rights, privileges, or immunities secured by the Constitution." *Manuel v. City of Joliet, Ill.*, 137 S.Ct. 911, 916 (2017) (cleaned up). Section 1983 claims apply only to state actors, so Li cannot bring them against the federal defendants (even in their individual capacities). *See D.C. v. Carter*, 409 U.S. 418, 424–25 (1973). Nor do I see a viable avenue for liability under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). And as I have explained to Li before, she cannot sue state agencies under § 1983. *See Li*, 2018 WL 1453551, at *3 (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989)). Here, that includes the California Medical Board, the IDFPR, and the Illinois OIG.

That leaves claims against the individual Rockford police officers, the IDFPR prosecutors, and Feldman in their individual capacities. Those claims are time-barred.[3] The statute of limitations for § 1983 claims is two years. *See Lewis v. City of Chicago*, 914 F.3d 472, 478 (7th Cir. 2019) ("A § 1983 claim borrows the statute of limitations for analogous personal-injury claims in the forum state; in Illinois that period is two years."). The clock starts running "when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." *Amin Ijbara Equity Corp. v. Vill. of Oak Lawn*, 860 F.3d 489, 493 (7th Cir. 2017) (citation omitted). Li filed her initial complaint on December 18, 2018, [1], so any

---

[3] Plaintiffs are not required to plead elements to overcome affirmative defense like the statute of limitations, but "when a plaintiff's complaint nonetheless sets out all of the elements of an affirmative defense, dismissal under Rule 12(b)(6) is appropriate." *NewSpin Sports, LLC v. Arrow Elecs., Inc.*, 910 F.3d 293, 299–300 (7th Cir. 2018) (citation omitted).

§ 1983 claims that accrued before December 2016 are too late. By December 2016, Li knew about the Rockford officers' investigation of her report, the IDFPR prosecutors' conduct that led to the suspension of her medical license, and the sanction imposed by the Illinois OIG (through Feldman), and she could have brought her claims then. There are no allegations of these individual defendants' conduct after December 2016. Plaintiff alleges that the IDFPR prosecutors obstructed her fifth psychiatric evaluation and caused her to miss the statute of limitations for filing suit in Illinois, but the IDFPR suspended Li's license in 2014, [7] at 17, and she could have brought her claims then. *See Kelly v. City of Chicago*, 4 F.3d 509, 512 (7th Cir. 1993) (§ 1983 claim for liquor license revocation accrued on date of revocation and was not postponed until exhaustion of appeals process). Because she didn't, it is too late now and the claims are time-barred.

Li's § 1983 claims are dismissed with prejudice for being time-barred or for the failure to state a claim (as to federal defendants and state agencies).[4]

---

[4] The federal individual defendants (Smith and Cope) and Nycowskiy have not appeared in response to the complaint. Li did not properly or successfully serve them. *See* [63], [65], [66], [76], and [77]. Federal officials must be served according to Federal Rule of Civil Procedure 4(i), and private individuals within the United States must be served according to Rule 4(e). I granted Li an extension of time to serve defendants. [57]. But there is no proof of proper service of these defendants. The claims are dismissed for failure to serve, Fed. R. Civ. P. 4(m), and with prejudice because Li does not state viable claims against them. A court can dismiss claims on its own motion. *See Diedrich v. Ocwen Loan Servicing, LLC*, 839 F.3d 583, 588 (7th Cir. 2016) ("The Court dismisses a claim *sua sponte* under Federal Rule 12(b)(6) using the same standards applied as if it had been a motion to dismiss from the opposing party."). Nothing in Li's complaints or proposals suggest a plausible federal-law claim against Smith, Cope, or Nycowskiy. Nycowskiy is a private actor who is not plausibly alleged to have conspired to violate federal law with state actors and there is no other apparent federal-law claim against him. Li may be invoking the False Claims Act against Nycowskiy, but there are no allegations that would support such a claim against him. Smith and Cope are alleged to have violated their duties in their handling of Li's issues with their agencies, but § 1983

### 2. *False Claims Act*

"The False Claims Act prohibits the submission of a false or fraudulent claim for payment to the government." *U.S. ex rel. Ziebell v. Fox Valley Workforce Dev. Bd., Inc.*, 806 F.3d 946, 951 (7th Cir. 2015). A private citizen can bring suit under the act as a relator, but she must bring the action in the name of the government. *See* 31 U.S.C. § 3730(b)(1). Li has not done that here. *See* [12] ("The Court's initial review of Plaintiff's pro se complaint indicates that plaintiff has filed this lawsuit on her own behalf and not on behalf of the United States government in which a claim for payment or approval can be asserted."). Nor could she, because she is pro se. *See Georgakis v. Illinois State Univ.*, 722 F.3d 1075, 1077 (7th Cir. 2013) ("[T]o maintain a suit on behalf of the government, the relator … has to be either licensed as a lawyer or represented by a lawyer."). Dismissal for "lack of proper representation" is usually without prejudice (so the plaintiff can get a lawyer), but dismissal with prejudice is warranted when the claim is frivolous. *See Georgakis v. Illinois State Univ.*, 722 F.3d 1075, 1078 (7th Cir. 2013); *U.S. ex rel. Lu v. Ou*, 368 F.3d 773, 776 (7th Cir. 2004), *abrogated on other grounds by U.S. ex rel. Eisenstein v. City of New York, New York*, 556 U.S. 928 (2009). Many of Li's allegations of false claims do not involve claims submitted to the federal government. Those that do are claim submissions to Medicare, but the allegations about those claims are hopelessly vague. The allegations fall far short of Rule 9(b)'s heightening pleading requirements. *See United*

---

does not apply to them and as discussed below, doing their job improperly is not a basis for relief under the Federal Tort Claims Act.

*States ex rel. Presser v. Acacia Mental Health Clinic, LLC*, 836 F.3d 770, 775 (7th Cir. 2016) (Rule 9(b) applies to FCA claims). The claims are dismissed with prejudice.

### 3. Federal Tort Claims Act

Li's common law tort claims against the federal defendants can only be brought under the FTCA. *See Levin v. United States*, 568 U.S. 503, 509 (2013) (FTCA action against the United States is the exclusive remedy for non-constitutional torts committed by federal employees acting within the scope of their employment). The only federal employee defendants are Smith, the OIG employee who revoked Li's Medicare billing privileges, and Cope, the OPM employee who wrote Li the letter about her debarment. Li has not stated any viable tort claims against them. They are immune from intentional torts like defamation. *See* 28 U.S.C. § 2680(h). And despite Li's unsupported arguments to the contrary, I do not see why they owe Li a fiduciary duty or duty of care. *See Mathis v. New York Life Ins. Co.*, 133 F.3d 546, 548 (7th Cir. 1998) ("[E]ven pro se litigants ... must expect to file a legal argument and some supporting authority." (citation omitted)). And the federal defendants' alleged conduct does not meet the demanding standard required to state an intentional infliction of emotional distress claim. *See Dixon v. Cty. of Cook*, 819 F.3d 343, 351 (7th Cir. 2016) (Illinois IIED claim requires showing of "extreme and outrageous conduct" and "be so extreme as to go beyond all possible bounds of decency and be regarded as intolerable in a civilized community").

### B. State Law Claims

All federal claims have been dismissed, and only state-law claims remain.[5] I see no independent basis for jurisdiction over the state-law claims, since the action lacks complete diversity. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 554 (2005) ("Incomplete diversity destroys original jurisdiction with respect to all claims."). Because I have dismissed the claims that I have original jurisdiction over, I can decline to exercise supplemental jurisdiction over the remaining state-law claims. *See* 28 U.S.C. § 1367(c)(3); *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999) ("[I]t is the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial."). One exception to the usual practice is "where it is obvious how the claims should be decided." *Williams Elecs. Games, Inc. v. Garrity*, 479 F.3d 904, 907 (7th Cir. 2007). It is obvious that Li's state-law claims against Helmy are barred by res judicata, as I have already explained once before. *See Li*, 2018 WL 1453551, at *6. All claims in this complaint could have been brought against Helmy in the prior complaints, so they are dismissed with prejudice. I decline to exercise supplemental jurisdiction over the other state law claims, and they are dismissed without prejudice. If Li believes she has timely, viable state-law claims, she should bring them in an appropriate state court.

---

[5] Defendants advanced other arguments for dismissal of both the federal and state claims, but it is unnecessary to address them.

### C. Leave to Amend

Li has requested leave to amend her complaint several times, and I instructed her to wait until the motions to dismiss were resolved. I have reviewed her proposed amended complaints, and I see no viable federal causes of action in them.

In her proposed second amended complaint, Li claims she is entitled to payments from Medicare and Medicaid under the Social Security Act, Equal Pay Act, and Fair Labor Standards Act. *See, e.g.*, [73] at 29.[6] There is a special review channel for Medicare claims. *See Michael Reese Hosp. & Med. Ctr. v. Thompson*, 427 F.3d 436, 440–41 (7th Cir. 2005). Indeed, the operative complaint suggests Li may have a pending administrative claim. *See* [7] at 23. The proposed second amended complaint also seeks a writ of mandamus to order Illinois Medicaid and Medicare to issue her the owed payments. *See*, e.g., [73] at 29–30. Mandamus jurisdiction applies to actions to compel federal officers, not state officers. *See* 28 U.S.C. § 1361. And Li cannot use mandamus to get around the special review channel for Medicare claims. *See Ctr. for Dermatology & Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 590 (7th Cir. 2014) ("[C]ontrolling authority from the Supreme Court and this Circuit is airtight that a litigant may not circumvent the administrative appeals process by seeking mandamus.").

Li's proposed second amended complaint also requests a writ of mandamus compelling the IDFPR, the California Medical Board, and the Illinois and United

---

[6] Li mentions these statutes in the operative complaint too, *see, e.g.*, [7] at 6, but does not ask for relief under them.

13

States OIGs to reverse their suspensions and exclusions. [73] at 7. Once again, federal mandamus jurisdiction only applies to federal actors. And with respect to the federal OIG, "[t]he common-law writ of mandamus … is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984). The documents she has filed show that Li's Medicare eligibility has been reinstated and her OPM debarment has been terminated. *See* [86-1]; [86-7]. There is no clear nondiscretionary duty owed to her at this point.

In her late response to Cigna's motion to dismiss, Li requests leave to amend her complaint or move Cigna to a new, separate complaint to allege claims under the "Fair Claim Practices Act and Consumer Fraud Protection Acts." [101] at 2. She mentions ERISA (Cigna raised ERISA in its motion to dismiss) and HIPAA. Li argues that Cigna should have not processed the claims submitted under name without her authorization several years ago, and Cigna should have a better system to check for errors. But these allegations do not suggest a plausible, timely, and exhausted federal claim for relief. It would be futile to allow Li to bring a separate action against Cigna.

Including her previous lawsuits, Li has now had several chances to plead a viable cause of action against defendants based on these events, but her complaints remain unintelligible and her proposed amendments fare no better. I decline to give Li yet another chance. *See Griffin v. Milwaukee Cty.*, 369 Fed.App'x 741, 743 (7th Cir. 2010) ("The complaint is unintelligible, and it was not an abuse of discretion for the district court to dismiss the case with prejudice after the plaintiffs failed to cure the

14

deficiencies."); *Wade v. Barr*, No. 18-2487, 2019 WL 3937385, at *2 (7th Cir. Aug. 20, 2019) ("Judges ordinarily should give a pro se plaintiff at least one opportunity to amend a complaint unless amendment would be futile.").

## IV. Conclusion

Defendants' motions to dismiss [17] [30] [32] [47] [49] [50] are granted. All federal claims against all defendants and all claims against Helmy are dismissed with prejudice, and any remaining state-law claims are dismissed without prejudice under 28 U.S.C. § 1367(c). Enter judgment and terminate civil case. This concludes Li's lawsuit in this court.

ENTER:

                                             Manish S. Shah
                                             United States District Judge

Date: September 3, 2019